## Joseph Tomasek, Appellant, v. City of Edwardsville, Appellee.

1. TRIAL, § 216.*—*how motion for directed verdict is determined.* In passing upon a motion to direct a verdict the court cannot weigh the evidence, and can only look to it to see if with every reasonable intendment it tends to support plaintiff's claim.

2. TRIAL, § 195*—*when improper to direct a verdict.* In an action by a landowner against a city for depositing sewerage upon his land, failure to prove a measure of damages will not justify a peremptory instruction where the plaintiff was entitled to some damages, although it may be only nominal damages.

3. CONTRACTS, § 205*—*when construction is question of fact.* Where in the construction of a contract a legal principle is not involved but simply a determination as to whether facts offered in evidence come within the provision of the contract legally construed, such construction is a question of fact for the jury.

4. DEEDS, § 97*—*when construction is question of fact.* Where an owner of land sells to a city a right of way for sewer purposes and the deed provides for the maintenance of a sewer of "sufficient capacity so as to conduct all the ordinary dry weather sewerage coming through said sewer districts," and afterwards sues the city for depositing sewerage on his land by an overflow, the court may determine what is "ordinary dry weather sewerage;" but it is for the jury to determine whether the sewer was sufficient capacity to carry off or did carry off such sewerage as was usual or might be anticipated in dry weather, and also whether the sewer had been negligently placed and that by reason thereof the sewerage passed out through the joints of the pipes and percolated through the land.

Appeal from the Circuit Court of Madison county; the Hon. WILLIAM E. HADLEY, Judge, presiding. Heard in this court at the March term, 1913. Reversed and remanded. Opinion filed October 9, 1913.

EATON & EECK, for appellant.

WILLIAM M. P. SMITH and CHARLES E. GUELTIG, for appellee.

MR. PRESIDING JUSTICE MCBRIDE delivered the opinion of the court.

The Circuit Court directed a verdict in this case and

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

plaintiff prosecutes this appeal. Plaintiff is the owner of a tract of land lying north of the City of Edwardsville and between his land and the City of Edwardsville is another small tract owned by Mr. Eberhardt. For several years the City of Edwardsville had been discharging its sewerage upon the lands of Eberhardt and from thence it flowed to some extent upon the lands of appellant and in consequence of this appellant sold to the appellee a right of way for sewer purposes over his land and made a deed thereto in October, 1907, for a consideration of three hundred dollars. The clause contained in the deed is as follows: "It is expressly understood that said land shall be used only for sewer right of way purposes and that the sewer shall be of socket tile sewer pipe and placed underneath the ground so that the ground may be cultivated over same, and that when said sewer is constructed said premises are to be placed in as good condition as they were before they were disturbed. It is further expressly understood that the said City of Edwardsville will conduct an outlet sewer over said premises and connect the same with District No. 3 and Sewer District No. 4 of the City of Edwardsville, the outlet of which is now located some three hundred feet east of the above described tract of land, and that said sewer shall be constructed of sufficient capacity so as to conduct all the ordinary dry weather sewerage coming through said sewer districts, so that the same will be conducted into the sewer to be constructed on the above premises and over and across the land of said Joseph Tomasek, and to the westerly end of the above described tract of land without any overflow at any point on said above described tract of land east of the northerly terminus thereof. It is further understood and agreed that the consideration above named is also in full payment, satisfaction and release of any and all damages heretofore sustained or claimed by said Joseph Tomasek, by reason of the construction of any sewer district in the City of Edwardsville or the casting or conducting the out-

flow thereof over, upon and across the lands or real estate of the said Joseph Tomasek to the date hereof.''

The evidence tends to show that the City of Edwardsville constructed two sewer drains, one No. 3 made of twenty-one inch pipe and No. 4 made of fifteen inch pipe, which unite at a manhole on the Eberhardt land about three hundred feet east of plaintiff's land. That after the making of said conveyance the City extended a sewer pipe of the size of fifteen inches from this manhole out and across the lands of plaintiff. That the sewer pipe was not of sufficient size to carry the outflow from the manhole and that the sewer pipe was not properly laid and was not laid to the depth specified in the agreement. That the sewer and water coming through the sewer pipes, three and four, above mentioned, could not be carried off by the fifteen inch sewer through plaintiff's land, and the fall from the City down to the manhole being sufficient the water would be forced up the distance of three or four feet or more above the manhole and would make holes in and about the sewer and would run out over plaintiff's land, and that owing to the manner in which the sewer through plaintiff's land was laid the water and sewerage would percolate through the joints of the sewer and would spread out over plaintiff's land, thereby tending to injure the crops. That the overflow was worse in wet weather than at other times, but the evidence of some of the witnesses tends to show that even after a rainfall of short duration the water and sewerage would be forced up through this manhole and out between the joints of the sewer pipe and tend to injure plaintiff's crops.

The evidence also tends to show that the sewer pipe placed through plaintiff's land was poorly covered in some places, and other places not to exceed four inches of covering over it, so that plaintiff could not plow over it without great inconvenience.

The plaintiff instituted suit to recover from the City

damages for this overflow. The first count of the declaration sets up the deed and then avers that said sewer was not so constructed or placed beneath the ground that the surface might be cultivated and used for farming purposes; that the sewers connecting with and running into the line of sewerage across appellant's lands were not so constructed as to carry the water and sewerage through the sewer on appellant's land, but were so negligently and wrongfully constructed and laid that a vast amount of water and sewerage was cast upon the higher land of adjoining owners and thence flowed down and over appellant's premises, rendering them wet, swampy and unfit for farming purposes. The second count alleges that the sewer constructed through plaintiff's land was so negligently and improperly constructed by appellee that it was wholly insufficient to carry the vast amount of sewer filth and water sent down and caused to flow through the lines of sewers connecting at the manhole, and that by reason thereof a vast amount of sewer filth and water percolated through and out of the sewer line upon and over appellant's premises, rendering them wet and swampy. The third count, in addition to the allegations of the first and second counts, alleges that a great amount of sewer filth and water which did not naturally flow in that direction was gathered into said sewer and precipitated upon appellant's premises and damaged them.

At the conclusion of plaintiff's evidence the court on motion of the appellee excluded the evidence from the consideration of the jury and directed the jury to find the defendant not guilty, and this is the error complained of by the appellant. It is a well settled rule of this state that upon a motion of this character and in directing a verdict, the court has nothing whatever to do with the weighing of the evidence, but can only look to the evidence to see if with every reasonable intendment the evidence tends to support plaintiff's claim and the submission of this motion "is equivalent

to an admission upon the record of every fact and every conclusion in favor of the opposite party which the evidence conduces to prove, in other words, every fact which the jury might have inferred from it in favor of such opposite party." *Chicago & N. W. Ry. Co.* v. *Dunleavy,* 129 Ill. 140.

There is evidence in this record tending to show that the sewer and water overflowed appellant's lands during crop time, as well as during the wet seasons; that a rain fall of short duration would cause this to overflow at any time; that the sewer had not been laid in appellant's land according to the terms of the easement granting it and that by reason of the negligent construction of the sewer pipe the sewerage, as well as the water, would spread out from the joints of the pipe over appellant's land, and that the flowing of this water and sewerage over appellant's land tended to damage it.

It is claimed by counsel for appellant, and not controverted, that the court in directing the verdict did so upon the ground that the deed for the right of way provided for the maintenance of a sewer of "sufficient capacity so as to conduct all the ordinary dry weather sewerage coming through said sewer districts," and upon the theory that the court had the right to pass upon the effect of the wording of this contract. That the court has the right to pass upon the legal effect of the language of the contract there can be no doubt, but when it comes to determining as a matter of fact whether the things complained of are within the terms of the written contract, as construed by the court, then this becomes a question of fact for the jury to pass upon and not a question for the court. There was evidence tending to show (perhaps not conclusive) that the sewer was not of sufficient capacity to conduct all the ordinary dry weather sewerage coming through said sewer districts, at least such facts may have been inferred from the evidence by the jury. It may be that the court was authorized to determine

that the "ordinary dry weather sewerage" was such sewerage as was usual or common in dry weather, or such as may be reasonably anticipated in dry weather (Words & Phrases, vol. 6, p. 5045); but whether the sewer placed in plaintiff's land was of sufficient capacity to carry off or did carry off such sewerage as was usual, common or might be reasonably anticipated in dry weather was a question of fact for the jury to determine. It was also a question of fact for the jury to determine whether or not the sewer had been negligently placed in plaintiff's land and that by reason thereof the sewerage passed out through the joints of the sewer pipes and percolated through plaintiff's land. Where in the construction of a contract a legal principle is not involved but simply a determination as to whether facts offered in evidence come within the provision of the contract legally construed, it is a question of fact and must be submitted to the jury. *Ball v. Benjamin,* 56 Ill. 106.

It is claimed by counsel for appellee that there could be no recovery here because there was no legal measure of damages proved. Without determining whether the damages proved were the correct measure of damages, it is sufficient to say that such is not the question now under consideration, for if the plaintiff was entitled to any damages, even nominal damages, then he would have a right to recover and it would be improper to withdraw the case from the jury. Without expressing any opinion as to the weight of the evidence offered by plaintiff in this case, we are of the opinion that considering the plaintiff was entitled to the benefit of every fact which the jury might have inferred from the evidence offered, that the evidence should have been submitted to the jury for its determination, and that the court erred in excluding the evidence and directing a verdict in this case, and the judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*