Knickerbocker Roofing & Paving Company, Inc., Plaintiff-Appellant, v. Mendius Associates, Inc., Defendant-Appellee.

Gen. No. 51,971.

First District, First Division.

April 22, 1968.

Hinshaw, Culbertson, Moelmann & Hoban, of Chicago (John M. Moelmann and Thomas J. Weithers, of counsel), for appellant.

Schaffenegger & Watson, of Chicago (Jack L. Watson, of counsel), for appellee.

MR. PRESIDING JUSTICE BURMAN delivered the opinion of the court.

Plaintiff, Knickerbocker Roofing & Paving Company, (hereinafter referred to as Knickerbocker) contractor, filed an action for declaratory judgment wherein it sought indemnification from the defendant, Mendius Associates, Inc., (hereinafter referred to as Mendius) subcontractor, under the terms of an indemnity provision in a written contract entered into by the parties, for all loss, dam-

age, costs and expenses arising out of lawsuits brought against Knickerbocker by two of Mendius' employees. After a trial without a jury the court entered judgment for Mendius from which this appeal is taken by Knickerbocker. No questions are raised on the pleadings.

On August 13, 1962, Knickerbocker and Mendius entered into a written contract whereby Mendius, as subcontractor, agreed to furnish all materials and perform all work with reference to certain insulated roofing material to be installed on the new Main Post Office Building in Chicago, in accordance with the terms of a contract between Knickerbocker and the United States of America. The contract between Mendius and Knickerbocker contained the following indemnity provision:

> The Subcontractor does hereby agree to indemnify and save harmless the Contractor, its employees and agents, and the Government, from all loss, damage, costs and expenses which any of them may suffer or sustain or be threatened with liability for, arising, either under the laws of the State of Illinois or of the United States of America, or otherwise, out of performance of this contract by the Subcontractor, its agents, employees or materialmen.

Prior to the execution of the written contract, the parties, on August 9, 1962, entered into an oral agreement by the terms of which Mendius agreed, for a set fee, to lift, by means of its hoist, Knickerbocker materials to the roof of the post office. This oral contract contained no indemnity provisions, and made no reference to the written contract. The written contract neither incorporated nor referred to the oral agreement; and it did not contain any provisions dealing with the hoisting by Mendius of Knickerbocker materials.

On August 29, 1962, an accident occurred on the premises of the new Main Post Office Building as a result of which two Mendius employees, Lonnie Mathis and

Ivory Acree, filed actions against Knickerbocker for personal injuries. In their complaints, Mathis and Acree alleged, inter alia, that their injuries had been proximately caused through the negligent act of a Knickerbocker employee who placed cans of gasoline in the Mendius hoist bucket, causing the bucket to tip and the gasoline to ignite and explode. Knickerbocker tendered to Mendius its defense to the aforesaid actions; however, Mendius refused to accept said defense, contending that it had no duty to indemnify or save harmless Knickerbocker with reference to the actions filed. Upon the refusal of Mendius to accept its defense Knickerbocker filed the instant action.

It appears from the record that the Mendius hoist bucket, at the time of the accident, contained a roofing substance called "All-Weather-Crete," which had been mixed by Lonnie Mathis and loaded into the bucket by Ivory Acree; and the bucket was raised by Mendius' hoist operator, William Myer. These acts performed by the employees of Mendius were accomplished in furtherance of the written contract between Knickerbocker and Mendius. At the time of the accident the hoist bucket was also loaded with two cans of gasoline owned by Knickerbocker, and placed thereon by an employee of Knickerbocker. At the trial, Carl Mendius, president of his firm, testified that pursuant to the oral contract Knickerbocker had been charged for sixteen hours of hoisting on the day of the accident, but that his records did not reveal a specific charge for the hoisting of the two cans of gasoline in question. He further testified that his records did not reveal whether the sixteen hours of hoisting was done during working hours, when the accident occurred.

The sole contention raised by Knickerbocker, on appeal, is that the injuries to the Mendius employees arose "out of the performance" of the written contract and were, therefore, within the express terms of the indemnity agreement. It argues that the evidence established that

the two cans of gasoline which brought about the injuries to the two Mendius employees were being hoisted in pursuance of the written contract; and, in the alternative, even if the cans were being hoisted in pursuance of the oral contract, the written indemnity agreement would still apply because the injured employees were acting in furtherance of the written contract at the time of the accident. On the other hand, Mendius contends that the accident in issue arose from its performance only of the oral agreement, which related to Knickerbocker's use of the Mendius hoist, and therefore, considering the fact that the oral contract contained no indemnity provision, Knickerbocker is not entitled to indemnification under the provisions of the inapplicable written contract.

■ ■ Whether the loading and hoisting of the two cans of gasoline was within the terms of the oral agreement was a question of fact for the trial judge, as trier of fact, to determine. Tomasek v. City of Edwardsville, 183 Ill App 493. Presumably the trial judge found that the gasoline was loaded and hoisted in pursuance of the oral contract, and this finding was adequately supported by the evidence. The two cans of gasoline in question were owned by Knickerbocker and were placed in the hoist bucket by a Knickerbocker employee. Furthermore, only the oral contract provided for the hoisting of Knickerbocker materials by Mendius; the latter party had no duty under the written agreement to lift the cans of gasoline.

■ Knickerbocker argues that the testimony of Carl Mendius, Jr. could reasonably only lead to the inference that the loading and hoisting was a gratuitous act performed by the Mendius' employees. It refers specifically to his testimony to the effect that there was no record kept by Mendius to show that Knickerbocker was billed specifically for the hoisting of the two cans of gasoline, and that Mendius had no record as to the time at which

the hoisting in question took place. However, Mendius did testify that Knickerbocker was billed for sixteen hours of hoisting on the date of the accident. The trial judge could reasonably have found that Knickerbocker was in fact billed for the hoisting of the gasoline cans within the billing for the sixteen hours of hoisting. In any event, the objection raised by Knickerbocker goes only to the weight of Mendius' testimony, a factor which was solely within the province of the trial judge.

 The question as to the scope of the coverage of the written indemnity agreement is one of law. ILP, Contracts, § 246. Therefore, it will be determined on appeal independently of the judgment of the trial court. Lepkowski v. Laukemper, 317 Ill App 304, 45 NE2d 979. The interpretation of the indemnity provision in the written contract calls for our use of the same rules of construction applicable to any other contract; therefore, the primary rule of construction is to seek to ascertain the intention of Knickerbocker and Mendius as it is revealed in the entire contract through the language employed by the parties. Gay v. S. N. Nielsen Co., 18 Ill App2d 368, 152 NE2d 468.

As we have already pointed out the loading and hoisting of the two cans of gasoline (the alleged proximate cause of the injuries to Acree and Mathis) was accomplished pursuant to the oral agreement. The question dispositive of this appeal is whether the written contract's indemnification provision was intended by the parties to cover suits filed as the result of the kind of accident involved in the case at bar.

 The significant portion of the written indemnification provision provides that Mendius shall indemnify Knickerbocker from ". . . all loss . . . arising . . . out of performance of this contract by the Subcontractor, its agents, employees or materialmen." The plain meaning of this language is that the right to indemnification only arises when the ". . . Sub-contractor, its agents, em-

101

ployees or materialmen" are engaged in the performance of the written agreement. The threatened loss to Knickerbocker has not arisen out of the performance of the written agreement. Even though the "All-Weather-Crete" had been mixed, loaded, and hoisted pursuant to the written contract, the threatened loss to Knickerbocker did not arise out of these actions; rather, it arose out of the loading and hoisting of the cans of gasoline in performance of the oral contract. The language of the indemnity provision, along with the fact that the written contract as a whole makes no mention of the oral agreement or of the kind of duties to be performed under it, clearly shows that the parties did not intend for the indemnity provision to apply to losses arising from Mendius' performance of the oral contract. Therefore, in the absence of an indemnity provision in the oral contract, Knickerbocker is not entitled to indemnification from Mendius for the suits brought by Acree and Mathis.

Knickerbocker contends that ". . . a contractor who has entered into a written contract providing for indemnity is obligated to provide indemnity when any employee of the contractor is injured while engaged in any activity in any way connected with the written contract." We cannot agree with this contention. Suffice it to say that the indemnification clause did not provide for so broad an indemnity, and it has not been argued here that any right of implied indemnification exists. Li Petri v. Turner Const. Co., 36 Ill2d 597, 224 NE2d 841.

Our views are not contrary to those expressed by the court in Meeks v. George A. Fuller Co., 40 Ill App2d 172, 189 NE2d 387, cited by Knickerbocker. There the indemnity provision provided that the subcontractor would indemnify the contractor against loss ". . . arising out of or in consequence of the performance of this work . . ." The basic issue resolved by the court was that under the terms of the indemnity provision the indemnitee was entitled to indemnification in spite of the

fact that the negligent acts complained of had been committed by its employees. The court also held that the employee of the indemnitor, who had filed suit against the indemnitee, had been injured "in consequence of the performance" of the work referred to in the indemnification provision. The court reasoned that had the injured employee not been performing the work in the contract he would not have been upon the premises and sustained injury. In the instant case, there is no question that had the injuries arisen from the negligent performance of the written contract, Knickerbocker would have been entitled to indemnification from Mendius. However, unlike the situation in Meeks, the injuries and threatened loss arose from the performance of a separate oral contract which contains no indemnification provision and is not referred to in the written contract. Therefore, we conclude that the Meeks case is inapplicable factually to the case at bar.

Likewise, in the cases of De Tienne v. S. N. Nielsen Co., 45 Ill App2d 231, 195 NE2d 240; Newberg Const. Co. v. Fischbach, Moore & Morrissey, Inc., 46 Ill App2d 238, 196 NE2d 513; and Northern States Co., Inc. v. A. Finkl & Sons Co., 8 Ill App2d 419, 132 NE2d 59, cited by Knickerbocker, the respective courts were presented with situations wherein the indemnity provisions in question were contained within the only contracts applicable to the incidents out of which losses (actual or threatened) to the indemnitees arose. In other words, unlike the case at bar, these cases cited by Knickerbocker did not contain separate contracts providing for duties not enumerated in the contracts containing the indemnity provisions.

In sum, the evidence in the instant case established that the parties entered into two separate contracts, one written and one oral, and that the threatened losses to Knickerbocker arose out of the performance of the latter one, which contained no indemnity provision. Further-

more, the written contract's indemnity provision was not intended to apply to the activities outlined in the oral agreement. Therefore, we hold that the trial court was correct in denying to Knickerbocker indemnification under the written contract and in entering judgment for Mendius. The judgment for Mendius is affirmed.

Affirmed.

ADESKO and MURPHY, JJ., concur.