October 16, 1997

No. 2-96-1000WC

KEITH COUNTRYMAN, ) Appeal from the

) Circuit Court of

Appellee, ) Ogle County.

)

v. )

)

THE INDUSTRIAL COMMISSION 
et
 
al.
 ) Honorable

) John B. Roe,

(FDL Foods, Inc., Appellant). ) Judge Presiding.

JUSTICE RAKOWSKI delivered the opinion of the court:

Claimant Keith Countryman and his employer FDL Foods, Inc. entered into a settlement agreement on December 15, 1992, which provided for settlement of certain workers' compensation claims.  The arbitrator found that the contract released claimant's claims against employer for all accidental injuries incurred through the settlement date.  The Industrial Commission (Commission) affirmed.  The circuit court reversed, holding that the settlement agreement did not preclude claimant from filing an additional claim for an alleged work-related back injury of August 15, 1991.  The issue on appeal is whether the settlement agreement is a general release of all claims incurred through December 15, 1992, including the back injury claim, or a limited release of just those claims specifically contained in the agreement.  For the following reasons, we affirm the judgment of the circuit court.

FACTS

The December 15, 1992, settlement agreement lists three distinct accident dates of May 2, 1988, March 26, 1991, and April 1, 1992.  It refers to the location of the accidents as Rochelle, Illinois, and describes the periods in which claimant was temporarily totally disabled as being from June 1 to June 25, 1989, and March 26 to June 2, 1991.  The agreement describes the nature of claimant's injury as bilateral carpel tunnel syndrome and elbow neuritis and states that claimant's hands, wrists, and elbows were affected by alleged repetitive motion.

The terms of settlement require employer to pay claimant $33,150 in full and final settlement of any and all workers' compensation claims "for all accidental injuries allegedly incurred as described herein and including any and all results or developments, fatal or non-fatal, allegedly resulting from such accidental injuries."  The contract further provides that "settlement is based on [claimant's] present condition and specifically includes any other accident, injury, aggravation or onset of symptoms to the date of this settlement."

The settlement represents 25% loss of each arm less temporary total disability (TTD) benefits, group insurance payments, and unpaid medical expenses.  Above the signature line, the contract states that claimant understands that by settling "this claim" he is giving up the right to any further medical treatment for the results of "this incident" and the right to additional benefits if his condition worsens as a result of "this incident."

After execution of the contract on December 15, 1992, claimant filed an adjustment of claim pursuant to the Workers' Compensation Act (the Act) (820 ILCS 305/1 
et
 
seq.
 (West 1994)) for back injuries allegedly sustained on August 15, 1991, at claimant's place of employment in Rochelle, Illinois.  Claimant gave employer oral notice of this incident and employer admits that at the time of settlement it knew of the potential claim for back injuries.  Employer moved to dismiss the claim on the basis that the settlement contract released all accident claims through the date of settlement.  The arbitrator dismissed claimant's application based on the contract release and the Commission affirmed.  The circuit court reversed, holding that the release did not preclude claimant from filing an additional claim for the separate back injury.

ANALYSIS

Whether a contract is ambiguous or clear is a question of law and a reviewing court may independently construe the contract unrestrained by the trial court's interpretation.  
Quake Construction, Inc. v. American Airlines, Inc.
, 141 Ill. 2d 281, 288 (1990); 
USG Corp. v. Sterling Plumbing Group, Inc.
, 247 Ill. App. 3d 316, 318 (1993).  Where the contract is clear, its interpretation is a question of law to be determined only from the terms of the contract itself.  
Quake Construction, Inc.
, 141 Ill. 2d at 288; 
United Equitable Insurance Co. v. Reinsurance Co. of America, Inc.
, 157 Ill. App. 3d 724, 728-29 (1987).  Where the contract is ambiguous, its interpretation is generally a question of fact subject to rules of contract construction and parol evidence.  
Farm Credit Bank v. Whitlock
, 144 Ill. 2d 440, 447 (1991); 
UIDC Management, Inc. v. Sears Roebuck & Co.
, 141 Ill. App. 3d 227, 230 (1986); 
Sol K. Graff & Sons v. Leopold
, 92 Ill. App. 3d 769, 771 (1981).  A contract is ambiguous where the language employed is susceptible to more than one reasonable meaning or obscure in meaning through indefiniteness of expression.  
Meyer v. Marilyn Miglin, Inc.
, 273 Ill. App. 3d 882, 888 (1995).

We conclude that the contract at bar is ambiguous because it contains conflicting release provisions that express different intentions.  The first page of the settlement agreement lists three specific claims relating to injuries to claimant's arms, wrists, and elbows.  It lists specific accident dates and describes the nature of the claimant's injury as bilateral carpel tunnel syndrome and elbow neuritis.  The second page of the agreement repeatedly refers to settlement for "this incident" and requires employer to pay claimant $33,150 in full and final settlement of any and all claims for all accidental injuries allegedly incurred "as described herein," including any and all results or developments "allegedly resulting from such accidental injuries."  The settlement agreement also contains general and sweeping language that provides settlement is based on claimant's present condition and includes any other accident, injury, aggravation, or onset of symptoms to the date of settlement.  This general language is inconsistent and conflicts with the specific language.  Such conflict renders the contract ambiguous as a matter of law.

Where there is an ambiguity and if, after considering the contract language in light of parol evidence and rules of construction, doubt still remains as to the meaning of the contract, then the question of interpretation must be left to the trier of fact.  
Schneider v. Neubert
, 308 Ill. 40, 43 (1923)
; 
United Farm Bureau Mutual Insurance Co. v. Elder
, 89 Ill. App. 3d 918, 921 (1980)
.
  If, however, the contract is susceptible to only one meaning when considered in light of parol evidence and rules of construction, the court may interpret the contract for itself.  
Schneider
, 308 Ill. at 43-44; 
Vulcan Materials Co. v. Holzhauer
, 234 Ill. App. 3d 444, 454 (1992); 
Zale Construction Co. v. Hoffman
, 145 Ill. App. 3d 235, 242 (1986); 
United Farm Bureau Mutual Insurance Co.
, 89 Ill. App. 3d at 922
.

This case stems from employer's motion to dismiss claimant's back injury claim, wherein employer argued that the unambiguous settlement agreement barred claimant's claim.  At the arbitration hearing, there was no parol evidence offered as to the parties' intent in entering into the agreement.  Although employer's safety manager, Robert Long, was present with counsel, nothing in the record indicates that Long was there to testify or that the arbitrator prevented him from testifying as to the meaning of the agreement.  If Long was there to testify, employer neglected to make an offer of proof, thereby failing to preserve the question for review.  See 
Lukas v. Lightfoot
, 131 Ill. App. 3d 566, 569 (1985).  Moreover, employer did not argue below or on appeal that the arbitrator erroneously prevented it from offering parol evidence.  In fact, employer's counsel stated at oral argument that he agreed with the arbitrator's decision to preclude parol evidence because he believed the issue of contract interpretation was a question of law.

Pertinent rules of construction provide that where an ambiguity exists in a contract due to a conflict between two of its provisions, the more specific provision relating to the same subject matter controls over the more general provision.  
R.W. Dunteman Co. v. Village of Lombard
, 281 Ill. App. 3d 929, 936 (1996); 
AFSCME v. ISLRB
, 274 Ill. App. 3d 327, 337 (1995); 
Carlile v. Snap-on Tools
, 271 Ill. App. 3d 833, 839 (1995); 
Brzozowski v. Northern Trust Co.
, 248 Ill. App. 3d 95, 99 (1993); 
Carona v. Illinois Central Gulf R.R. Co.
, 203 Ill. App. 3d 947, 951 (1990).  Also, contract provisions and terms are to be interpreted as a whole and not in isolation.  Effect is to be given to every provision because it is presumed that every clause was inserted for a purpose.  
Forty-Eight Insulations, Inc. v. Acevedo
, 140 Ill. App. 3d 107, 115 (1986); 
Joseph v. Lake Michigan Mortgage Co.
, 106 Ill. App. 3d 988, 991 (1982).

The settlement agreement consists of a two-page document that uses conflicting specific and general release language.  The entire first page of the document refers specifically to the named incidents and so does the majority of the second page.  Only one sentence of the release found near the bottom of the first paragraph of the second page contains general release language.  The general provision does not state, however, that the release includes but is not limited to the injuries incurred on the specified dates.  Nor does the agreement refer in any way to claimant's back injury, even though employer admittedly knew that claimant had injured his back prior to settlement.  Further, the settlement amount represents 25% loss of each arm less TTD benefits, group insurance payments, and unpaid medical expenses for the incident referred to in the agreement.  There is no mention of payment for claimant's alleged back injury.  Under rules of construction, the more specific release provisions must prevail.

In holding that specific provisions of a release override general provisions, the circuit court properly relied on 
Carona v. Illinois Central Gulf R.R. Co.
, 203 Ill. App. 3d 947 (1990).  
Carona
 involved separate actions under the Federal Employer's Liability Act (FELA) (45 U.S.C. §51 
et
 
seq.
 (1982)).  The settlement contract between the employee and his employer contained a specific release provision from a work-related accident that occurred on a specified date.  The contract also contained a general release from any and all claims, demands, suits, 
etc.
 whatsoever.  The employee subsequently sued his employer for a separate accident that occurred before the settlement release.  The trial court held that the employee could not bring the second claim because it was covered by the release.  The appellate court reversed and remanded the cause, holding that the employee's second claim could proceed.  The court held that the agreement contained both words of specific and general release from the accident specified in the agreement and the employer could not claim refuge under the broader release language that contradicted the specific phrase.  
Carona
, 203 Ill. App. 3d at 951.

Employer contends 
Carona
 is inapplicable because in the instant case there is no internal contradiction in the release language.  We disagree.  Like the contract in 
Carona
, this contract lists specific dates of accidents and dates that claimant was temporarily totally disabled.  In addition, the contract states that claimant suffered injuries to both arms and that this settlement is for "this incident" and injuries incurred "as described herein" and "resulting from such accidental injuries."  The contract then goes on to provide a general release of all liability for any and all other accidents or injuries.  There is nothing in the contract that refers to claimant's back injury or any other injury incurred on August 15, 1991, even though employer knew of this injury at the time of settlement.
  Therefore, employer's attempt to distinguish 
Carona
 is unpersuasive.

This is not to say that a release containing both specific and general language is ambiguous 
per
 
se
.  See 
Bruner v. Illinois Central R.R. Co.
, 219 Ill. App. 3d 177 (1991); 
Aqua-Aerobic Systems, Inc. v. Ravitts
, 166 Ill. App. 3d 168 (1988); 
Cwik v. Condre
, 4 Ill. App. 2d 380 (1954); 
Inter Insurance Exchange of Chicago Motor Club v. Andersen
, 331 Ill. App. 250 (1947).  Rather, the court must evaluate the intent of the parties and the nature and language of a settlement agreement on a case-by-case basis to determine whether the particular release is ambiguous.

Employer cites 
Rakowski v. Lucente
, 104 Ill. 2d 317 (1984), to support its contention that the contract releases any and all claims under the Act to the date of settlement.  
Rakowski
 is inapposite.  There was only one accident in 
Rakowski
, not multiple injuries stemming from unrelated incidents as in this case.

Moreover, the issue in 
Rakowski
 was whether the settlement release in favor of Rakowski and against Lucente covered claims for contribution.  Lucente argued the release did not cover claims for contribution because no such claims existed at the time the release was executed.  The court rejected this argument, holding that the right of contribution exists from the time the negligent acts are committed.  The court then looked at the broad language of the release and found it covered any and all claims, including contribution, "and particularly on account of all injuries, *** which have resulted or may in the future develop from an accident which occurred."  
Rakowski
, 104 Ill. 2d at 323.  The court reasoned that, as a matter of public policy, settlement should be encouraged.  To add limitations not expressed in the general language of the settlement agreement would make those seeking settlement wary and uncertain of what they would accomplish by settlement.  "Holding the parties to the language of their release has the advantage of providing certainty and thereby encouraging settlement."  
Rakowski
, 104 Ill. 2d at 325.

While the policy reasons expressed in 
Rakowski
 ring true, the facts do not compel the same result here.  In the instant case, claimant had multiple accidents and incurred separate injuries.  The specific language of the settlement contract refers only to the injuries and accidents involving claimant's arms; it does not mention the alleged injury or separate accident to claimant's back, even though employer knew of this potential claim.  Although the contract also contains a general release from all claims to the date of settlement, the specific provisions relating to the release from specified injuries and accidents control over the more general provision because the contract is ambiguous.  Accordingly, we affirm the judgment of the circuit court holding that the settlement contract does not bar claimant's separate back injury claim.

Affirmed.

McCullough, P.J., and Colwell, Holdridge, and Goldenhersh, JJ., concur.