PEPPER CONSTRUCTION COMPANY, Plaintiff and Counterdefendant-Appellee and Cross-Appellant, v. TRANSCONTINENTAL INSURANCE COMPANY, Defendant and Counterplaintiff-Appellant and Cross-Appellee (Edward R. Quinlan, Defendant and Counterdefendant; CNA Insurance Companies *et al.*, Defendants).

First District (4th Division)    No. 1—95—2973

Opinion filed November 27, 1996.

John D. Kuhn, of Fedota & Rocca, of Chicago, for appellant.

Cassiday, Schade & Gloor, of Chicago (Jennifer A. Keller and Donald F. Ivansek, of counsel), for appellee.

JUSTICE CAHILL delivered the opinion of the court:

Transcontinental Insurance Company appeals a trial court grant of summary judgment for Pepper Construction Company in a declaratory judgment action. Pepper cross-appeals the court's denial of attorney fees. We reverse and remand the grant of summary judgment, finding a triable issue of fact. We affirm the denial of attorney fees.

Pepper was the general contractor for a construction project in Chicago. Pepper subcontracted with Advance Mechanical Systems. Advance agreed to perform heating, ventilation, and air conditioning work for the project. The contract also required Advance to provide insurance naming Pepper as an additional insured.

Advance, in turn, subcontracted with Climatemp to perform work at the site. The contract between Advance and Climatemp contained the following clause:

"Work performed by [Climatemp] shall be in strict accordance with all applicable plans, general conditions, specifications, and addenda thereto, and [Climatemp] is bound by all provisions of these documents and also all other documents to which [Advance] is bound, and to the same extent."

Transcontinental was Climatemp's insurer. The policy contains an additional insured endorsement which reads in part:

"Owners, Lessees or Contractors.

Commercial General Liability Coverage Part.

1. Who is an insured (Section II) is amended to include as an insured any person or organization (called 'additional insured') for whom or for which you have contracted or agreed to provide general liability insurance, but only with respect to liability arising out of 'your work' for the additional insured(s)."

An employee of Climatemp was injured while working at the jobsite. He filed a personal injury lawsuit against Pepper. Pepper

tendered its defense to Climatemp's insurer, Transcontinental, on February 27, 1991, alleging that Pepper was an additional insured under Transcontinental's insurance policy covering Climatemp.

Transcontinental accepted Pepper's defense on March 28, 1991. Transcontinental tendered the defense back to Pepper over three years later, on April 26, 1994, alleging that it had never agreed to provide insurance for Pepper.

Pepper filed this declaratory judgment action, alleging that the language cited above in Climatemp's contract with Advance triggered the additional insured clause cited above in favor of Pepper.

Transcontinental filed a counterclaim, alleging that Pepper in its tender of defense fraudulently misrepresented that a contract existed between Pepper and Climatemp which induced Transcontinental to accept Pepper's tender.

The parties subsequently filed cross-motions for summary judgment. Pepper also asked for attorney fees under section 155 of the Illinois Insurance Code. 215 ILCS 5/155 (West 1992).

The trial court denied Transcontinental's motion and granted summary judgment for Pepper, finding no ambiguity in the contract. The court stated: "I believe that under the relationship between Advance and Climatemp, Climatemp had an obligation to afford coverage to Pepper." The court then denied Pepper's request for attorney fees.

The parties agree on the issue: to include Pepper among the additional insureds in the Transcontinental policy, Climatemp's contract with Advance must be read to impose Advance's insurance commitments on Climatemp.

Transcontinental argues that Climatemp did not contract with Advance to provide insurance. Transcontinental contends that the clause in the contract between Advance and Climatemp upon which Pepper relies refers only to "work performed" requirements and has nothing to do with insurance obligations.

Pepper responds that its contract with Advance requires Advance to provide comprehensive general liability insurance naming Pepper as an additional insured. Pepper then cites the language in the contract between Advance and Climatemp, quoted above, and concludes that Climatemp was therefore required to provide insurance for the benefit of Pepper because "Climatemp expressly agreed to be bound by *all* documents to which Advance was bound and to the same extent as Advance." (Emphasis added.)

■ In construing a contract, a court must give effect to the intent of the parties. *In re Doyle*, 144 Ill. 2d 451, 468, 581 N.E.2d 669 (1991). A court must first decide, as a matter of law, whether the language

of the contract is ambiguous. *Quake Construction, Inc. v. American Airlines, Inc.*, 141 Ill. 2d 281, 288, 565 N.E.2d 990 (1990). If contract terms are ambiguous or capable of more than one interpretation, parol evidence is admissible to determine the intent of the parties. The interpretation of an ambiguous contract is a question of fact. *Quake Construction*, 141 Ill. 2d at 288-89.

■ Summary judgment is only appropriate when the pleadings, depositions, admissions, or affidavits on file show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2—1005(c) (West 1992); *La Salle National Bank v. Skidmore, Owings & Merrill*, 262 Ill. App. 3d 899, 902, 635 N.E.2d 564 (1994).

■ We believe the contract language upon which Transcontinental relies is susceptible to more than one reasonable interpretation. It is reasonable to interpret the language—"all other documents to which Advance is bound"—to mean that the parties intended that Climatemp was bound to provide insurance for Pepper because Advance contracted to provide insurance for Pepper. But, it is also reasonable to infer that the quoted clause—"all other documents to which Advance is bound"—is modified by the language preceding it and confined only to work performance elements of the contract imposed on Climatemp. Read together, the "work performed" clause and "all other documents to which Advance is bound" create an ambiguity and a question of fact. See *Quake Construction*, 141 Ill. 2d at 288-89. The issue was improperly resolved by the trial court on a motion for summary judgment. The intentions of the parties are subject to explanation by extrinsic evidence.

We note that during oral argument Pepper alleged that the Advance/Climatemp contract explicitly refers to "insurance requirements" in a separate section and paragraph from the "work performed" clause. This language was not quoted, nor did the parties address any other part of the Advance/Climatemp contract in the briefs. The copy of the contract in the record is illegible. The effect of other language in the contract which refers to insurance and might resolve the ambiguity would be speculation given the state of this record.

■ Pepper argues that there is yet another ground to affirm the trial court's decision. Because we review the grant of summary judgment *de novo* and may affirm the decision on any ground in the record, regardless of whether the trial court relied on that ground or whether the court's reasoning was correct, we address Pepper's argument. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102, 607 N.E.2d 1204 (1992).

Pepper argues that Transcontinental is estopped from denying coverage because it assumed the defense for more than three years before it tendered the defense back to Pepper. Pepper relies on the decisions in *Gibraltar Insurance Co. v. Varkalis*, 46 Ill. 2d 481, 263 N.E.2d 823 (1970), and *Textile Machinery, Inc. v. Continental Insurance Co.*, 87 Ill. App. 3d 154, 409 N.E.2d 1 (1980).

In *Gibraltar*, the supreme court held the insurer waived policy defenses for liability after it had taken over the insured's defense for more than 16 months. The court quoted the following language from *Apex Mutual Insurance Co. v. Christner*, 99 Ill. App. 2d 153, 161, 240 N.E.2d 742 (1968): "It is well settled that assumption of the insured's defense constitutes a waiver by the insurer of all questions of policy coverage. [Citations.] If, therefore, in spite of doubts as to coverage, the insurer elects to take over the insured's defense, it will afterwards be estopped from denying its own liability under the policy." *Gibraltar*, 46 Ill. 2d at 487.

The court in *Textile* held the insurer was estopped from denying policy coverage where it had defended its insured for 2¹/₂ years without a reservation of rights.

The courts in each of these cases held insurers were estopped from asserting defenses under policies against their insureds. Here, by contrast, Transcontinental is claiming that it is not an insurer and Pepper is not an insured. "The doctrines of waiver and estoppel presuppose that the party against whom the doctrines are asserted had a right, claim or privilege that it could relinquish." *Alliance Acceptance Co. v. Yale Insurance Agency, Inc.*, 271 Ill. App. 3d 483, 493-94, 648 N.E.2d 971 (1995). We distinguish *Gibraltar* and *Textile* on the basis that Transcontinental is not attempting to assert a defense under a policy of insurance. It is claiming there is no policy. This issue, we have determined, must be decided by a trier of fact. We decline to apply the doctrine of estoppel or waiver to preclude Transcontinental from asserting that Climatemp did not contract to provide insurance for Pepper.

■ Finally, we address Pepper's argument on cross-appeal that the trial court abused its discretion in denying its request for attorney fees under section 155 of the Illinois Insurance Code. 215 ILCS 5/155 (West 1992). Pepper argues that Transcontinental's conduct in denying the existence of an insurance policy constitutes vexatious and unreasonable conduct. Based upon our decision that an issue of fact exists about whether Climatemp contracted to provide

insurance for Pepper, we find the trial court did not abuse its discretion in refusing Pepper attorney fees.

Affirmed in part and reversed in part; cause remanded.

HOFFMAN, P.J., and THEIS, J., concur.