**Elliot ABT, individually and on behalf of all others similarly situated,**
**Plaintiff,**

v.

**MAZDA AMERICAN CREDIT and North Shore, Inc., d/b/a Highland Park Mazda, individually and on behalf of all others similarly situated, Defendants.**

No. 98 C 2931.

United States District Court,
N.D. Illinois,
Eastern Division.

Oct. 28, 1998.

Gary Steven Caplan, John William Moynihan, Sachnoff & Weaver, Ltd., Chicago, IL, for Elliot Abt.

Malik R. Diab, Lovell, White & Durrant, Chicago, IL, George A. Platz, Lowell, White & Durrant, Chicago, IL, for Mazda American Credit.

James Franklin Best, Jerald M. Mangan, Richard Andrew Hahn, Best, Mangan & Langhenry, Chicago, IL, for North Shore, Inc.

## *MEMORANDUM OPINION AND ORDER*

GETTLEMAN, District Judge.

Plaintiff Elliot Abt, individually and on behalf of all others similarly situated, has filed a three count putative class action amended complaint against defendants Mazda American Credit ("Mazda Credit") and North Shore, Inc., d/b/a Highland Park Mazda ("Highland Park"). In Count I, plaintiff alleges that Mazda Credit and Highland Park breached a car Lease Agreement by failing to return the security deposit in full. In Count II, plaintiff alleges that Mazda Credit and Highland Park's disclosure of "Total of Other Charges"—"$0.00" on the front of the Lease Agreement and "a disposition fee of $350.00" on the back of the Lease Agreement violated the Consumer Leasing Act of 1994, 15 U.S.C. § 1667 *et seq.*, as implemented by Federal Reserve board Regulation M, 12 C.F.R. § 213. In Count III, plaintiff alleges that Mazda Credit violated Section 2 of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 *et seq.*, by preparing, executing and enforcing a deceptive Lease Agreement. Mazda Credit has moved to dismiss the entire complaint pursuant to Fed.R.Civ. 12(b)(6) for failure to state a claim. Highland Park has moved to dismiss Counts I and II of the amended complaint for the same reason. For the following reasons, the motions are granted in part and denied in part.

### *BACKGROUND*

On February 28, 1994, plaintiff leased a Mazda automobile from Highland Park. Highland Park offers financing to its customers by assigning its contracts to Mazda Credit, a financing corporation. Highland Park provided lease financing to plaintiff by completing Mazda Credit's standard form lease agreement (the "Lease Agreement") and assigning the lease contract to Mazda Credit.

Paragraph 9 and paragraph 20 of the Lease Agreement, the two provisions at issue, provide:

(9)  Total of Other Charges Payable to Lessor

|     |       |    |      |
|-----|-------|----|------|
| (a) | N/A   | $  | 0.00 |
| (b) | N/A   | $  | 0.00 |
|     |       | $  | 0.00 |

(20)  Termination: This Lease shall terminate upon (i) the end of the term of this Lease, (ii) the return of the Vehicle to the Lessor and (iii) the payment by the Lessee of all amounts owed under this Lease, (iv) including a disposition fee of $350.00. The Lessor may terminate this Lease if the Lessee defaults under this Lease.

At the end of the lease term, on or about March 1997, plaintiff returned the automobile to Highland Park and requested the return of the $400 security deposit that he initially paid. Highland Park tendered $50 to plaintiff and withheld $350 as a disposition fee pursuant to paragraph 20 on the back of the Lease Agreement. Plaintiff contends that the disposition fee is an "other charge," and because the listed "Total of Other Charges" is $0.00 the disposition fee should be $0.00. Plaintiff further alleges that the disposition fee provision in paragraph 20 is misleading and deceptive, and thus unenforceable, because it was hidden in the back page of the Lease Agreement, within boilerplate language.

## DISCUSSION

1.  *Standard for a Motion to Dismiss*

A motion to dismiss for failure to state a claim may be granted only if it appears beyond doubt that plaintiff is unable to prove any set of facts that would entitle him to relief. *Hartford Fire Ins. Co. v. California,* 509 U.S. 764, 811, 113 S.Ct. 2891, 125 L.Ed.2d 612 (1993). In reviewing a motion to dismiss, the court tests the sufficiency of the complaint, not the merits of the case. *Triad Assoc., Inc. v. Chicago Hous. Auth.,* 892 F.2d 583, 586 (7th Cir.1989).

II.  *Breach of Contract*

■ Where facts are undisputed, the interpretation of a contract is question of law. *Lewis–Connelly v. Board of Educ. of Deerfield Pub. Sch.,* 277 Ill.App.3d 554, 557, 660 N.E.2d 283, 285, 214 Ill.Dec. 92, 94 (Ill.App. 1996). When interpreting a contract, "a court must first decide, as matter of law, whether the language of the contract is ambiguous." *Pepper Constr. Co. v. Transcontinental Ins. Co.,* 285 Ill.App.3d 573, 575, 673 N.E.2d 1128, 1130, 220 Ill.Dec. 707 (Ill.App. 1996). The mere fact that parties allege conflicting interpretations of the contract is not sufficient in itself to show an ambiguity. *Omnitrus Merging Corp. v. Illinois Tool Works, Inc.,* 256 Ill.App.3d 31, 37, 628 N.E.2d 1165, 1170, 195 Ill.Dec. 701, 706 (Ill.App. 1993). A contract is ambiguous where the language used is susceptible to more than one reasonable meaning. *Meyer v. Marilyn Miglin, Inc.,* 273 Ill.App.3d 882, 888, 210 Ill.Dec. 257, 652 N.E.2d 1233 (Ill.App.1995). If, however, the contract is susceptible to only one meaning, the court may interpret the contract without considering extrinsic evidence. *Countryman v. Industrial Commission,* 292 Ill.App.3d 738, 741, 686 N.E.2d 61, 64, 226 Ill.Dec. 712, 715 (Ill.App.1997) (citing *Schneider v. Neubert,* 308 Ill. 40, 43–44, 139 N.E. 84 (1923)).

■ The issue here is whether the term "Other Charges" in paragraph 9 should be interpreted to include the disposition fee. Plaintiff alleges that it should, and that the "Total of Other Charges" listed as $0.00 implies that the disposition fee is $0.00. According to plaintiff, paragraph 9 should take precedent over paragraph 20 (which lists the disposition fee) because: (1) the typed amount in paragraph 9 should control the printed amount in paragraph 20; (2) the language of both paragraphs is specific, and therefore paragraph 20 cannot control paragraph 9 under the "general/specific" rule of contract construction; and (3) the ambiguous contract should be construed against the drafter. Defendants argue that both paragraphs are exclusive and noncontradictory because the disposition fee is not an "other charge." Therefore, they contend that they did not breach the contract when they enforced the disposition fee provision of paragraph 20. Defendants further argue that even if paragraph 9 is interpreted to include the disposition fee, paragraph 20 should control because it contains the specific terms, while paragraph 9 contains the general terms.

Before interpreting the term "Other Charges," the court must determine the question of its ambiguity. The court concludes that this term is unambiguous because the term is not susceptible to more than one reasonable meaning. The court agrees with the plaintiff that the term "Other Charges" means any other amount due to the lessor as one of the scheduled costs of the lease contract. The disposition fee is a such charge, which is due at the end of the lease term, unless the contingency of purchase option or early termination is exercised. The disposition fee itself is not a contingent fee.

No other reasonable meaning of "Other Charges" would make the phrase "Total of Other Charges Payable to Lessor" coherent. The phrase is placed immediately after the "Total Monthly Payments" provision and before all contingent fee provisions, such as the excess mileage charge (paragraph 12), late charge (paragraph 13), purchase option fee (paragraph 14), excess wear and tear charge (paragraph 18), and early termination charge (paragraph 21). The phrase must mean the sum of all amounts due to the lessor as a natural consequence of the lease contract, other than the ones incorporated into the monthly payments and the contingent charges of which the total amount is not ascertainable at the time of the contract.

Moreover, the Staff Commentary to Regulation M gives the following example: "A lessor has a single other charge, which is a disposition fee of $100." 12 C.F.R.·pt. 213, Supp. I 4(g)(5)(2). This example specifically states that a disposition charge is an "other charge." It is presumed that the parties knew this law at the time they entered into the Lease Agreement and that the law is considered a part of the contract. *Braye v. Archer–Daniels–Midland Co.,* 175 Ill.2d 201, 217, 676 N.E.2d 1295, 1303, 222 Ill.Dec. 91, 99 (1997); *Norfolk and Western Ry. Co. v. American Train Dispatcher's Ass'n.,* 499 U.S. 117, 129, 111 S.Ct. 1156, 113 L.Ed.2d 95 (1991) (quoting *Farmers' and Merchants' Bank of Monroe v. Federal Reserve Bank of Richmond,* 262 U.S. 649, 660, 43 S.Ct. 651, 67 L.Ed. 1157 (1923), which states that the contemporary laws are considered incorporated in the contract and that "[t]his principle embraces alike those laws which affects its construction and those which affect its enforcement or discharge.").

■ Because the term "Other Charges" includes the disposition fee, the contract has two contradicting terms: an implied disposition fee of $0.00 (paragraph 9) and an express disposition fee of $350.00 (paragraph 20). The essential question is which of these two terms should be given full effect as the amount of the disposition fee. Where two provisions in a contract conflict, courts must determine which of the two clearly expresses the chief objective of the contract. *American Fed'n of State County and Mun. Employees v. State Labor Relations Bd.,* 274 Ill.App.3d 327, 336, 210 Ill.Dec. 895, 902, 653 N.E.2d 1357, 1364 (Ill.App.1995). Further, full effect should be given to the more principal and specific provision, and the general provision should be governed by such modification as the specific provision requires. *Brzozowski v. Northern Trust Co.,* 248 Ill. App.3d 95, 99, 618 N.E.2d 405, 408, 187, Ill.Dec. 814, 817 (Ill.App.1993).

In the instant case, the "$350.00" in paragraph 20 should be given its full effect because the term "disposition fee" is more specific than "Other Charges." When both of the conflicting provisions are considered, it is clear that the chief objective of the contract was to charge the customers a disposition fee of $350.00 rather than have the disposition fee concealed under the heading of "Other Charges" with a cost of $0.00.

■ Plaintiff's argument that the contract should be construed against the drafter does not apply here because the language of the contract is unambiguous. *USG Interiors, Inc. v. Commercial and Architectural Products, Inc.,* 241 Ill.App.3d 944, 949, 609 N.E.2d 811, 815, 182 Ill.Dec. 277, 281 (1993). Also, the construction against the drafter rule is a secondary rule of interpretation which may be applied only as a last resort in contract construction. *Farwell Const. Co. v. Ticktin,* 84 Ill.App.3d 791, 405 N.E.2d 1051, 39 Ill. Dec. 916 (Ill.App.1980). Plaintiff's other argument with regard to the "typed/printed" rule of contract constructions also must yield to the chief objective of the contract intended by the parties. Restatement (Second) Of

Contract § 202 cmt. f (1979). As stated above, the court finds that paragraph 20, rather than paragraph 9, expresses the chief objective of the contract with regard to the disposition fee. Accordingly, defendants have not breached the contract by charging the disposition fee listed in paragraph 20. Therefore, defendants' motions to dismiss the breach of contract claim in Count I are granted.

### III. Consumer Leasing Act ("CLA") Violation

■ In Count II, plaintiff alleges that Mazda Credit and Highland Park violated the CLA and, in particular Regulation M, which provides:

> In any lease subject to this section, the following items, as applicable, shall be disclosed:
>
> (5) The total amount of all other charges, individually itemized, payable by the lessee to the lessor, which are not included in the periodic payments. This total includes the amount of any liabilities the lease imposes upon the lessee at the end of the term,
> . . . .

12 C.F.R. § 213.4(g)(5) (1994).

This count requires the court to interpret Regulation M, which implements the CLA. 12 C.F.R. § 213.1(a). Once again, the parties advocate two different interpretations of Regulation M, 12 C.F.R. § 213.4(g). Plaintiff alleges that "other charges" of § 213.4(g)(5) includes the disposition fee, and defendants' failure to state the disposition fee in paragraph 9 was a violation of the CLA. Defendants argue that they complied with the CLA because it does not require the disposition fee to be stated as or repeated under "other charges."

In general, the CLA is liberally construed in favor of consumers. *Demitropoulos v. Bank One Milwaukee*, 915 F.Supp. 1399, 1406 (N.D.Ill.1996); *Kedziora v. Citicorp Nat'l Serv., Inc.*, 780 F.Supp. 516, 519 (N.D.Ill.1991). As quoted above, section 213.4(g) plainly states that "[t]he total amount of all other charges" must be disclosed. 12 C.F.R. § 213.4(g)(5). Further, it states that "[t]his total includes the amount of any liabilities the lease imposes upon the

lessee at the end of the term." *Id.* The Comment in section 213, Supp. I 4(g)(5)(4) states that such "[l]iabilities that the lease imposes upon the lessee at the end of the scheduled lease term and that must be disclosed include, but are not limited to, disposition and pick-up charges." These provisions in the Comment clearly indicate that disposition charges are a lessee's liability due at the end of the lease term which must be disclosed as an item of "total amount of all other charges." Section 213, Supp. I 4(g)(5)(2) also supports plaintiff's argument. This Comment provides the following example: "A lessor has a single other charge, which is a disposition fee. . . ." It is clear that a disposition fee is an "other charge" under Regulation M and the CLA.

The next question is whether the disposition fee should have been disclosed under "Total of Other Charges" in paragraph 9. Defendants rely on section 213, Supp. I 4(g)(5)(2), in arguing that listing the disposition fee in paragraph 9 is not required by Regulation M. The language of that provision of the Comment provides:

> Although the disclosure of an other charge or the total of all other charges must be clear and conspicuous, the lessor need not use the specific terminology *other charge*. Moreover, the regulation does not impose a location requirement for the disclosure of other charges. For example:
>
> A lessor has a single other charge, which is a disposition fee of $100. The lessor may disclose the disposition fee with related disclosures about early or scheduled termination. It may but need not repeat the charge as a total with the label of *other charge* or show a total of other charges.

12 C.F.R. § 213, Supp. I 4(g)(5)(2).

Defendants' interpretation of this Comment is correct in part, but their application of the Comment to the instant case is incorrect. The Comment does not require the use of the term "other charge," and provides that an other charge need not be repeated as "a total with the label of *other charge* or show a total of other charges." 12 C.F.R. § 213, Supp. I 4(g)(5)(2). Defendants' interpretation is correct only if there is a single other charge in a lease and the lease contract

(unlike defendants') does not use the term "other charge" in any other part of the lease. The Comment demonstrates that when there is a single other charge, it need not be labeled "other charge" and "total of other charges" need not be shown. The Comment does not apply where, as in the instant case, the lessor has chosen to include disclosure labeled "total of other charges."

This interpretation is further supported by 12 C.F.R § 213, Supp. I 4(a)(2): "[W]hen a required disclosure consists of a single charge, lessors do not have to repeat the charge as an itemization and a total amount." These Comments do not mean that if the lessor chooses to separately show "total of other charges," it need not include the single other charge under that heading. The proper method of disclosure in the latter situation is to follow the instruction of § 213, Supp. I 4(a)(3): "In making disclosures lessors may cross-reference rather than repeat items that are disclosed elsewhere in the lease disclosure statement."

Disclosure of the disposition fee in paragraph 20 would have satisfied the CLA if paragraph 9 did not separately show a "Total of Other Charges." However, because the Lease Agreement shows both, the itemization and the total, in separate provisions, the itemization of paragraph 20 should have been cross-referenced, if not repeated, in paragraph 9.

Thus, defendants' use of the word "total" is misleading, because a "total" means, "of or relating to something in its entirety." Webster's Third New International Dictionary (Merriam Webster, 1993). Because under the regulation (as well as common sense) the disposition fee is an "other charge," a "total" of other charges must include the disposition fee. A total of zero is clearly incorrect.

Plaintiff has alleged sufficient facts to state a claim upon which relief can be granted. Therefore, defendants' motions to dismiss Count II are denied.

IV. *Violation of Illinois Consumer Fraud and Deceptive Business Practices Act ("Consumer Fraud Act") against Mazda Credit*

■ In Count III, plaintiff alleges that Mazda Credit prepared, executed and enforced a deceptive Lease Agreement in violation of Section 2 of the Consumer Fraud Act. To state a claim under the Consumer Fraud Act, a complaint must set forth specific facts that show: (1) a deceptive act or practice by defendant; (2) defendant's intent that plaintiff rely on the deception; and (3) that the deception occurred in the course of conduct involving trade or commerce. *Peter J. Hartmann Co. v. Capital Bank and Trust Co.*, 296 Ill.App.3d 593, 694 N.E.2d 1108, 1116, 230 Ill.Dec. 830, 838 (Ill.App.1998); 815 ILCS 505/2. Whether a party's conduct violates the Consumer Fraud Act is a questions of fact to be determined by the trier of fact. *People ex rel., Daley v. Datacom Systems Corp.*, 146 Ill.2d 1, 34, 585 N.E.2d 51, 66, 165 Ill.Dec. 655, 670 (1991). For the purpose of a motion to dismiss, it cannot be decided as matter of law that the defendant's action was or was not misleading, deceptive or fraudulent in violation of the Act. *Id.*

For the purpose of Count III, the court adopts the preceding interpretation of the term "Other Charges." The term includes the disposition fee, causing the "other charges" provisions in paragraph 9 and paragraph 20 to contradict each other. Whether this contradiction misled or deceived the consumers in violation of the Consumer Fraud Act is a question of fact to be determined at trial.

■ Mazda Credit also argues that it was not a party to the contract for the purpose of violation of Consumer Fraud Act claim and that it was only a recipient of the benefit of another's fraud. Mazda Credit denies any wrongdoing on its part. Plaintiff argues that even though Mazda Credit did not directly cause the discrepancy in the Lease Agreement, it is bound by the act of its agent Highland Park. According to *Williams v. Ford Motor Company*, 990 F.Supp. 551, 554–555 (N.D.Ill.1997), an assignee of a contract can be bound by the act of an assignor under either the actual or apparent agent theory. However, the existence of an agency relationship is another question of fact to be determined by the trier of fact. *Kirkruff v. Wise-*

*garver,* 297 Ill.App.3d 826, 231 Ill.Dec. 852, 697 N.E.2d 406, 410 (Ill.App.1998).

Therefore, Mazda Credit's motion to dismiss the violation of the Consumer Fraud Act claim is denied.