1-01-1512 First Division

June 24, 2002

STATE FARM INSURANCE COMPANY, ) Appeal from the

) Circuit Court of

Plaintiff-Appellee and Cross-Appellant, ) Cook County.

) 

v. ) 99 CH 15524

)

AMERICAN SERVICE INSURANCE COMPANY, ) The Honorable

) Richard J. Billik,

Defendant-Appellant and Cross-Appellee. ) Judge Presiding.

PRESIDING JUSTICE COHEN delivered the opinion of the court:

Plaintiff State Farm Insurance Company (State Farm), assignee of Eleazar and Fernando Buzos' automobile insurance policy, brought this action seeking declaratory judgment against the Buzos' insurer, American Service Insurance Company (American).  In its complaint, State Farm pled that American had breached its duty to defend the Buzos in an underlying personal injury lawsuit filed by Linda Josephs, State Farm's insured, and was therefore estopped from denying that the Buzos' insurance policy provided coverage for the accident.  State Farm sought reimbursement of the $20,000 it paid under its policy to Josephs, along with costs and attorney fees.  Both State Farm and American filed cross-motions for summary judgment.  After briefing and a hearing, the trial court granted State Farm's motion for summary judgment, denied American's cross-motion for summary judgment and denied State Farm's request for costs and attorney fees.

On appeal, American argues that the trial court erred as a matter of law in granting summary judgment to State Farm.  American asserts that pursuant to the explicit language of the Buzos' insurance policy, American properly declared the policy "null and void" due to a "material misrepresentation" in the insurance application.  Because no policy was in existence at the time of the accident
, 
American asserts that the trial court erred in determining that Josephs' loss was covered under the policy thereby estopping American from denying liability under the policy on the ground of misrepresentation
. 

State Farm filed a cross-appeal contending that the trial court erred in declining to award  attorney fees incurred both by the Buzos in defending the underlying personal injury action and by State Farm in prosecuting its subsequent complaint for declaratory judgment.  For the following reasons, we affirm the trial court's denial of costs and attorney fees.  We reverse the trial court's order granting summary judgment in favor of State Farm and remand this cause for further proceedings.
 

BACKGROUND

On June 5, 1995, Eleazar Buzo signed an application for automobile insurance coverage through American for a 1983 Chevrolet Caprice four-door sedan.  The application listed Eleazar as the principal driver and Leopoldo and Julia Buzo as resident drivers/regular operators.  American accepted Eleazar's application and the policy went into effect December 18, 1995. 

On March 7, 1996, an attorney representing Josephs contacted American to report an accident that occurred on March 1, 1996, involving Eleazar's 1983 Chevrolet Caprice.  On March 11, 1996, Jack Harnett, an agent of American, spoke to Eleazar, who denied being involved in an accident with Josephs.  On October 3, 1997, Josephs filed a personal injury lawsuit against Eleazar and his son, Fernando, in the circuit court of Cook County.  In her complaint, Josephs alleged that on the date of the accident Fernando was driving the 1983 Chevrolet Caprice in a Jewel/Osco parking lot located at 3700 South Archer in Chicago, Illinois,
 when he struck and injured Josephs, a pedestrian.  
After receiving the summons and complaint from Josephs' attorney, American began investigating the accident.

During American's investigation, Harnett discovered that after the accident Fernando had been ticketed
(footnote: 1) as the driver of the 1983 Chevrolet Caprice and that Eleazar had been arrested for permitting an unlicenced driver to drive his car.  Both Fernando and Eleazar were later found guilty of the charges.  On November 11, 1997, 
Harnett took a recorded statement from Fernando.  In his statement, Fernando admitted that he was only 14 years old on the date of the accident and that he was, in fact, driving Eleazar's car.  Fernando claimed that Eleazar was teaching him how to drive at the time.  Based on Fernando's admissions, Harnett concluded that American would not have to defend against or pay any claims asserted by Josephs against the Buzos and noted such in his activity log.

On November 17, 1997, American sent a certified letter to Eleazar explaining that because Eleazar had made a material misrepresentation by failing to declare Fernando as a resident driver on his application for insurance coverage, American was rescinding his insurance policy.  American also sent Eleazar a $213 check refunding the premium amount Eleazar had paid and suggested that Eleazar take the necessary steps to protect himself and Fernando.  Eleazar later cashed the premium refund check.  American also sent a letter to Josephs' attorney advising him of the rescission and American's inability to provide coverage for the accident.  

The cause proceeded to mandatory arbitration.  At no time did American defend either Eleazar or Fernando under a reservation of rights or file a declaratory judgment requesting a finding that Eleazar's insurance policy was void from its inception due to a material misrepresentation and thus did not provide coverage for the accident of March 1, 1996.  On August 19, 1999, the arbitration panel awarded $20,000 in favor of Josephs.  On September 22, 1999, Eleazar and Fernando assigned all of their right, title and interest in the insurance policy issued by American to State Farm in consideration for a "Covenant Not to Execute Judgment" against them personally.
  On October 1, 1999, judgment was entered on the award in the amount of $20,000 plus costs.

On October 28, 1999, State Farm filed a complaint for declaratory judgment against American requesting that the trial court find that the insurance policy issued by American to Eleazar provided coverage for the accident of March 1, 1996.  In its complaint, State Farm alleged that American breached its duty to defend the Buzos in Josephs' underlying personal injury lawsuit.  State Farm further alleged that because American had failed to either defend the Buzos under a reservation of rights or to file its own declaratory judgment action, American was now estopped from denying coverage under its policy. 

On January 3, 2000, American filed its answer to State Farm's complaint denying that the insurance policy was in force and effect on March 1, 1996.  American asserted, as an affirmative defense, that it had exercised its contractual right under part VI(4) of the policy to declare the policy "null and void from its inception" due to a material misrepresentation in Eleazar's application.  American further asserted that it had returned a check for his entire $213 premium payment to Eleazar, a check which Eleazar accepted and later cashed.

Both parties subsequently filed cross-motions for summary judgment and a hearing was held on April 10, 2001.  After hearing arguments from both parties, the trial court granted State Farm's motion for summary judgment, denied American's motion for summary judgment and denied State Farm's request for costs and attorney fees.  The court determined that the allegations in Josephs' complaint in the underlying personal injury action were "within or certainly potentially within" part B of the insurance policy issued by American to Eleazar and therefore triggered a duty to defend.  The court further found that American had breached its duty to defend by failing either to defend the Buzos under a reservation of rights or to file its own declaratory judgment action.  Based on this breach, the court determined that American was estopped from asserting that the insurance policy was void 
ab initio
 due to a material misrepresentation and was liable to State Farm in the amount of $20,000.  The court also denied State Farm's request for costs and attorney fees without explanation.  This appeal and cross-appeal followed.

ANALYSIS

1. Standard of Review

Our review of the circuit court's grant of summary judgment is 
de novo
.  
Natale v. Gottlieb Memorial Hospital
, 314 Ill. App. 3d 885, 888 (2000).  Summary judgment is properly granted where "the pleadings, depositions, admissions, and affidavits on file, when taken together in the light most favorable to the nonmovant, show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law."  
Freemont Casualty Insurance Co. v. Ace-Chicago Great Dane Corp.
, 317 Ill. App. 3d 67, 73 (2000).  The function of a reviewing court on appeal from a grant of summary judgment is limited to determining whether the trial court correctly concluded that no genuine issue of material fact was raised and, if none was raised, whether judgment as a matter of law was correctly entered.  
Malanowski v. Jabamoni
, 293 Ill. App. 3d 720, 724 (1997).  In situations where both parties file cross-motions for summary judgment, "they agree that no material issue of fact exists and that only a question of law is involved."  
Robson v. Electrical Contractors Ass'n Local 134 IBEW Joint Pension Trust
, 312 Ill. App. 3d 374, 380 (2000).  Thus, " 'the court is invited to decide the issues presented as a question of law.' " 
Lexmark International, Inc. v. Transportation Insurance Co.
, 327 Ill. App. 3d 128, 134 (2001), quoting 
Container Corp. of America v. Wagner
, 293 Ill. App. 3d 1089, 1091 (1997).  However, "the mere filing of cross-motions for summary judgment does not require that the court grant the requested relief to one of the parties where genuine issues of fact exist precluding summary judgment in favor of either party."  
Travelers Insurance Co. of Illinois v. Eljer Manufacturing, Inc.
, 307 Ill. App. 3d 872, 878 (1999).
  

2. Summary Judgment

American argues that the trial court erred as a matter of law in finding that American was estopped from denying liability under the policy based on Eleazar's misrepresentation.  American claims that its denial of coverage was not based on a "policy defense" but, rather, on its conclusion that "there was no policy in existence at the time of the loss."  American asserts that the trial court failed to note this important distinction when granting summary judgment in favor of State Farm.  
State Farm characterizes American's argument as a "semantic sleight of hand."  State Farm argues that because American is relying upon provisions of the insurance policy to support its argument, American is asserting a "policy defense" as a matter of law.  State Farm asserts that American cannot rely upon provisions of the insurance policy and at the same time claim that it is not asserting a "policy defense."

Our supreme court has explained the application of the estoppel doctrine to insurance policy coverage disputes: 
   

"The general rule of estoppel provides that an insurer which takes the position that a complaint potentially alleging coverage is not covered under a policy that includes a duty to defend may not simply refuse to defend the insured.  Rather, the insurer has two options: (1) defend the suit under a reservation of rights or (2) seek a declaratory judgment that there is no coverage.  If the insurer fails to take either of these steps and is later found to have wrongfully denied coverage, the insurer is estopped from raising 
policy defenses
 to coverage. (Emphasis added.) [Citations.]

The estoppel doctrine has deep roots in Illinois jurisprudence.  It arose out of the recognition that an insurer's duty to defend under a liability insurance policy is so fundamental an obligation that a breach of that duty constitutes a repudiation of the contract. [Citation.]  Although the doctrine has roots in the principle of equitable estoppel, a review of the case law reveals that it has since developed into a distinct doctrine that stands on its own. [Citations.]

* * * Application of the estoppel doctrine is not appropriate if the insurer had no duty to defend, 
or if the insurer's duty to defend was not properly triggered
.  These circumstances include where the insurer was given no opportunity to defend; 
where there was no insurance policy in existence
; and where, when the policy and the complaint are compared, there clearly was no coverage or potential for coverage.  (Emphasis added.)  [Citations.]"  
Employers Insurance of Wausau v. Ehlco Liquidating Trust
, 186 Ill. 2d 127, 150-51 (1999).

Despite State Farm's unsupported assertions to the contrary, American's argument that the insurance policy was not in existence at the time of the accident is not a "policy defense" simply because American relies on provisions of the insurance policy in order to support its argument.  American's rescission defense does not involve a question of policy coverage.  Rather, the affirmative defense of rescission raises the issue of whether an insurance policy was in existence.  See 
Pepper Construction Co. v. Transcontinental Insurance Co.
, 285 Ill. App. 3d 573, 577 (1996); 
Allied American Insurance Co. v. Ayala
, 247 Ill. App. 3d 538, 549-50 (1993) (both noting a distinction between a policy defense and a claim that a policy is void).
 
 

Employers Insurance
 states that the doctrine of estoppel is inapplicable in cases where there was no insurance policy in existence at the time of the loss.  186 Ill. 2d
 at 151.  
Thus, the trial court erred as a matter of law in invoking the estoppel doctrine prior to determining whether Eleazar's insurance policy was in existence at the time of the accident
.  Under the law, because the trial court determined that American breached its duty to defend under part B of the insurance policy prior to determining whether the insurance policy indeed even existed, the trial court's conclusion that American breached its duty to defend was premature.  Consequently, this cause is remanded to allow the parties to litigate the issue of rescission in the trial court. 

It must be further heeded summary judgment was also improper on an entirely separate basis.  
American claims that the undisputed facts demonstrate that as a matter of law there was no policy in existence on the date of the accident because it properly declared the policy "null and void" pursuant to the explicit language of part VI(4) of the policy
.  Therefore, American claims that it had no duty to defend the Buzos in the underlying personal injury claim.  Part VI(4) of the policy states, in pertinent part:

"
Fraud and Misrepresentation.
  The statements contained in the application are deemed to be representations relied upon by the Company.  In the event that any representation contained in the application is false, misleading or materially affects the acceptance or rating of this risk by the Company, by either direct misrepresentation, omission, concealment of facts or incorrect statements, this policy shall be null and void and of no benefit whatsoever from its inception."

State Farm responds that American lacked the power to unilaterally void the insurance policy pursuant to sections 143.15 (215 ILCS 5/143.15 (West 2000)) and 143.19 (215 ILCS 5/143.19 (West 2000)) of the Illinois Insurance Code (Insurance Code).  However, both section 143.15 and section 143.19 pertain to the 
cancellation
 of automobile insurance policies and are inapplicable in cases where, as here, an insurance company purports to declare an 
insurance policy void 
ab initio
.  
American Country Insurance Co. v. Mahoney
, 203 Ill. App. 3d 453, 462 (1990). 

Interestingly, State Farm acknowledges the inherent difference between cancelling a policy and declaring a policy void from its inception, but asserts that section 143.15 of the Insurance Code would be rendered meaningless if an insurer could sidestep the effective date of cancellation provision set forth therein simply by claiming to "void" a policy rather than "cancel" it.  We note, however, that our legislature has already closed this obvious loophole by adding section 154 to the Insurance Code:

"No misrepresentation or false warranty made by the insured or in his behalf in the negotiation for a policy of insurance, or breach of a condition of such policy shall defeat or avoid the policy or prevent its attaching unless such misrepresentation, false warranty or condition shall have been stated in the policy or endorsement or rider attached thereto, or in the written application therefor.  No such misrepresentation or false warranty shall defeat or avoid the policy unless it shall have been made with actual intent to deceive or materially affects either the acceptance of the risk or the hazard assumed by the company."  215 ILCS 5/154 (West 2000).       

This statutory language supercedes part VI(4) of Eleazar's insurance policy, which purports to grant American the power to avoid the insurance policy for reasons other than those outlined in section 154.  Pursuant to section 154, American could have properly avoided Eleazar's automobile insurance policy only if Eleazar, in fact, made a misrepresentation or false warranty in the written application and:  (1) Eleazar made the misrepresentation or false warranty with the actual intent to deceive American; or (2) the misrepresentation materially affected American's acceptance of the risk or the hazard assumed.

It is undisputed that Eleazar failed to disclose Fernando as a "resident driver" or "regular operator" of the insured automobile on the insurance application.  However, myriad other factual questions preclude a finding of summary judgment on this issue in favor of either party.  For example, it is unclear from the record whether Eleazar's failure to disclose Fernando on the application for insurance constitutes a "misrepresentation" or "false warranty."   It is also unclear whether Eleazar's failure to disclose Fernando on the application was either made with the actual intent to deceive American or if it materially affected American's acceptance of the risk or the hazard assumed.  Furthermore, it is unclear whether the fact that Eleazar cashed the $213 premium refund check issued by American demonstrated his intent to rescind the insurance policy.

  
 Finding genuine issues of material fact remain, this cause is remanded to the trial court for a determination of whether American properly avoided the policy as defined under section 154 of the Insurance Code. 

3. Attorney Fees

Finally, State Farm contends that the trial court erred in declining to award the costs and attorney fees incurred both by the Buzos in defending the underlying personal injury action and by State Farm in prosecuting its subsequent complaint for declaratory judgment in the trial court.  State Farm's entire argument relies on the fact that the trial court found that American had breached its duty to defend the Buzos in the underlying personal injury claim.  Because we remand for a determination of whether Eleazar's policy was in effect at the time of the accident, the issue of costs and attorney fees arising out of an alleged breach of the duty to defend is not yet ripe for our consideration.  We therefore find that the trial court did not abuse its discretion in denying State Farm's request for costs and attorney fees.

CONCLUSION

The trial court erred as a matter of law in holding that American was estopped from denying liability under the policy on the ground of misrepresentation.  This error in law resulted in the trial court's failure to consider issues that were properly raised, issues that required the court to rule.  Accordingly, we reverse the trial court's order granting summary judgment in favor of State Farm, affirm the trial court's order denying State Farm's request for costs and attorney fees and remand this cause for proceedings consistent with this opinion. 

Affirmed in part and reversed in part; cause remanded with directions.

McNULTY and TULLY, JJ., concur.

       

 
 

 
 

FOOTNOTES
1: 
The specific charges against Fernando cannot be determined from the record.